MEMORANDUM **
Melvin Jones, Jr. appeals pro se from the district court’s judgment dismissing his independent action to set aside a prior judgment for fraud on the court pursuant to Rule 60(d) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. Appling v. State Farm Mut. *318 Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir.2003). We affirm.
The district court did not abuse its discretion by dismissing Jones’s independent action because his allegations fail to state a claim for fraud on the court. See United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (concluding that “an independent action should be available only to prevent a grave miscarriage of justice”); see also Appling, 340 F.3d at 780 (explaining that the term “fraud on the court” is read narrowly to mean “only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication”) (citation and internal quotation marks omitted).
Jones’s remaining contentions are unpersuasive.
Jones’s request to use the original record in the underlying case, which we construe as a request for judicial notice of relevant portions of that record, is granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.